■    CARLO N. CAMARDA, an Infant by His Guardian ad Litem, PRUDENCE CAMARDA, et al., Respondents, v. CITY OF NEW YORK, Respondent, et al., Defendant, and BALKAN DEMOLITION Co., INC., Appellant.— Action on behalf of the infant respondent to recover damages for personal injuries and by his father for medical expenses and loss of services. The complaint alleges that respondent City of New York owned a certain building and that respondent city or defendant Triborough Bridge and Tunnel Authority was in the possession and control of the building; that the building was being demolished by appellant, Balkan Demolition Co., Inc., under contract with defendant Triborough, and that the infant was injured when a brick wall of the building, which wall was allowed to remain standing in an unsafe condition, fell and struck him. Respondent city served a cross complaint against defendant Triborough and appellant alleging that defendant Triborough owned, and was in possession and control of, the building, and that appellant created the unsafe condition. The appeal is from an order denying appellant's motion to dismiss the complaint and cross complaint or to drop the appellant as an improper party to the action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■    DOROTHY M. DYER et al., Respondents, v. INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant.— In an action by respondent Dorothy M. Dyer to recover damages for personal injuries and by her husband for incidental medical expenses and loss of services, the appeal is from the judgment entered on the verdict of the jury in favor of respondents. The injuries are claimed to have resulted from an electric shock caused by exposed wiring in the attachment cord of a machine owned by and in the control of appellant, on which she was working. Judgment reversed and a new trial granted, with costs to the appellant to abide the event. In our opinion, the verdict is against the weight of the evidence. The evidence is insufficient to support the finding, implicit in the verdict, that the exposed wiring was in the attachment cord rather than in the building wiring system. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.